**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chastity CRESPO, Defendant–Appellant.**

**No. 03–2322.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2003.

Decided Nov. 21, 2003.

Chastity Crespo, pro se, Coleman, FL, for Defendant–Appellant.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

### ORDER

Chastity Crespo pleaded guilty to one count of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1), and was sentenced to 37 months' imprisonment and three years' supervised release. She filed a timely notice of appeal, but her appointed counsel now moves to withdraw because he is unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Although given the opportunity, *see* Circuit Rule 51(b), Ms. Crespo has not responded to counsel's motion. Counsel's brief is facially adequate, so we limit our review to the potential issues identified by counsel. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002). Because we agree that those possible claims are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Ms. Crespo could argue that the district court clearly erred when it denied her motion for a minor-role adjustment under U.S.S.G. § 3B1.2. *See United States v. Crowley,* 285 F.3d 553, 559 (7th Cir.2002) ("clear error" standard of review). We agree with counsel that such an argument would be frivolous, but not for the reasons addressed in the brief. Counsel characterizes the district court as having appropriately found that Ms. Crespo was not eligible for the adjustment because she was held accountable only for the drugs that she handled personally (Br. at 9–10). *See United States v. Walls,* 225 F.3d 858, 868 (7th Cir.2000). We see no such finding in this record, however, and it could not be

sustained in any event. The United States Sentencing Commission clarified the standard for obtaining the minor-role adjustment in a 2001 amendment, emphasizing that "section 3B1.2 does not automatically preclude a defendant from being considered for a mitigating role adjustment in a case in which the defendant is held accountable under 1.3 solely for the amount of drugs the defendant personally handled." U.S.S.G. Appendix C Supp., amend. 635. The contrary authority that counsel relies upon was decided before the 2001 amendment.

Nonetheless, any argument that the district court clearly erred in denying Ms. Crespo the adjustment, *see Crowley*, 285 F.3d at 559, would be frivolous given Ms. Crespo's own statements. Despite the fact that at sentencing Ms. Crespo stated that two other men, Maldonado and Ortiz, were more culpable in the possession and distribution of the heroin, she admitted that she purchased 20 to 30 grams of heroin twice per week for three months and sold approximately 25 half-gram bags of heroin per week for several weeks. The district court accepted as true that Ms. Crespo worked with these men, but concluded that her role, even as she described it, was no less culpable than theirs. We can not conclude that this conclusion was clearly erroneous since Ms. Crespo failed to convince the district court that she was "substantially less culpable" than either Maldonado or Ortiz in possessing and distributing at least 150 grams of heroin. *See id.* Therefore we find that any appeal on this ground would be frivolous.

■ Counsel also examines whether Ms. Crespo might contest the district court's decision to remand her to custody pending sentencing. Pursuant to 18 U.S.C. § 3143(a)(2), a court is required to detain a convicted individual unless it first finds that either the government has recom-

mended that no sentence be imposed or that "there is a substantial likelihood that a motion for acquittal or new trial will be granted." Neither condition applied to Ms. Crespo given the plea agreement she entered into; the agreement provides that the government agrees to recommend a sentence within the applicable guidelines, and the plea itself suggests that a motion for an acquittal or new trial would not succeed. More importantly, this issue is appealable independent of her sentence pursuant to 18 U.S.C. § 3145(b), so it is not part of the judgment of conviction from which Ms. Crespo appeals. Finally, we note that any argument that Ms. Crespo had became moot when she was sentenced. Therefore, any appeal on this ground would be frivolous as well.

Accordingly, we GRANT counsel's motion and DISMISS the appeal.